UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ESTATE OF LEONARD E. GILBERT
MELCENIA GILBERT, ADMINISTRATIX                                               PLAINTIFF

VS.                                                        CIVIL ACTION NO. 3:11cv624-DPJ-FKB

UNITED STATES OF AMERICA                                                     DEFENDANT

ORDER

This medical-malpractice case is before the Court on Defendant United States of America's Motion for Summary Judgment [29]. Plaintiff failed to respond to Defendant's motion and then failed to respond to two show-cause orders [31, 32]. The Court, having considered Defendant's submissions, the applicable law, and the procedural history of this case, finds that Defendant's motion should be granted.

Leonard Gilbert, who had received treatment from the Veteran's Affairs Medical Center (VA) for a number of years, visited the VA for his regular check-up on May 29, 2007. During this visit, VA staff increased the dosages for medications prescribed to Gilbert. The following day, Gilbert was found unresponsive, did not regain consciousness, and eventually died on June 1, 2007.

On October 5, 2011, Gilbert's estate filed this medical-malpractice action under the Federal Torts Claims Act (FTCA) alleging various negligent acts including failure to diagnose, monitor, and properly administer treatment to Gilbert. In November 2012, Defendant moved for summary judgment arguing that Gilbert's expert witness is inadequate to support the medical-negligence claim. Gilbert failed to timely respond and the Court entered an Order to Show Cause [31] on January 2, 2013, directing Gilbert to respond to the motion or advise the Court if she

intended to confess it by January 16, 2013. That Order expressly stated: "Failure to timely respond to this order may result in an order granting the motion." *Id*. Gilbert failed to respond, prompting a Second Order to Show Cause [32] on January 25, 2013, a copy of which was mailed to Plaintiff's counsel. That order gave Plaintiff until February 1, 2013, to respond and again warned that dismissal may occur if Gilbert failed to timely comply. Again, Gilbert failed to respond.

Defendant seeks summary judgment based on the insufficiency of Gilbert's sole expert witness, Dr. Joel Reisman. Def.'s Mem. [30] at 5–6. Defendant asserts that Gilbert's expert fails to establish the applicable standard of care or a breach of the standard, which are necessary elements for a medical-malpractice action under Mississippi law as applied to this FTCA action. *See, e.g.*, *Estate of Sanders v. United States*, No. 4:10cv107-DPJ-FKB, 2012 WL 4473202, at *4 (S.D. Miss. Sept. 26, 2012) (granting summary judgment in medical-malpractice case under the FTCA where expert's report insufficiently identified the standard of care or a breach of it). As to the informed-consent claim, Plaintiff's expert neither specifies "material known risks" nor "that the treatment was the proximate cause of the worsened condition," both of which must be substantiated by expert testimony in this case. *Dunn v. Yager*, 58 So. 3d 1171, 1200–01 (Miss. 2011) (citations and quotations omitted) (noting that expert testimony is required to establish material risks and generally required to establish proximate cause).

While a dispositive motion cannot be granted for mere lack of response, Defendant's motion appears meritorious based on the record before the Court and Gilbert's failure to create a genuine dispute of material fact. *McDaniel v. Sw. Bell Tel*., 979 F.2d 1534, No. 92-2433, 1992 WL 352617, at *1 (5th Cir. 1992) (unpublished table decision) (citations omitted) (affirming

summary judgment where counsel failed to file timely response); *see also Sanders v. Bell Helicopter Textron Inc.*, 199 F. App'x 309, 310 (5th Cir. 2006) (holding that record supported summary judgment where non-movant failed to respond); *Stewart v. City of Bryan Public Works*, 121 F. App'x 40, 42 (5th Cir. 2005) (same).

That said, the merits of the motion presented a somewhat close call, which prompted the Court to twice solicit a response from Gilbert. Gilbert failed to avail herself of that opportunity, which removes any doubt that the case should now be dismissed. The Court has the authority under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss an action for failure to prosecute and/or comply with orders of the Court. *See Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). In this case, Gilbert not only failed to respond to Defendant's motion, she ignored two show-cause orders. Dismissal is appropriate.

IT IS, THEREFORE, ORDERED that Defendant's Motion for Summary Judgment [29] is GRANTED. A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 4th day of February, 2013.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE